IN RE APPLICATION OF ALBERT M. WHEELER, ETC.

ALBERT M. WHEELER v. JAY W. CRANE.[1]

November 15, 1918.

No. 20,982.

**Appeal and error — failure to file notice and bond within statutory time.**
    To render an appeal effective for any purpose, the notice of appeal and the bond must be filed and the appeal fee must be deposited within

[1]Reported in 169 N. W. 476, 597.

the statutory time for taking the appeal. This time having expired before the deposit of the appeal fee and no mistake being shown, the appeal never became effective and is dismissed.

Upon the petition of Albert M. Wheeler, the district court for Hennepin county granted its order directing Jay W. Crane to show cause why an order should not be made requiring him to execute and deliver to petitioner a substitution of attorneys in a certain action then pending and deliver certain documents belonging to petitioner. The answer to the petition set up an attorney's lien upon the documents for his compensation. The matter was heard by Leary, J., who made findings and ordered judgment in favor of Crane for $401 and that upon the payment of the judgment Crane consent in writing to the substitution of any attorney that said Wheeler might designate. From the judgment entered pursuant to the order for judgment, petitioner appealed. Appeal dismissed.

*Harry A. Hageman,* for appellant.

*Jay W. Crane,* pro se.

TAYLOR, C.

Respondent moves to dismiss this appeal on the ground that it was not perfected within the time limited by statute.

The judgment was rendered and entered on October 23, 1917. The notice of appeal and bond were served and filed in March, 1918, but the appeal fee was not deposited with the clerk of the lower court until April 24, 1918, one day after the expiration of the time within which an appeal could be taken.

Section 2 of chapter 66 (p. 80), of the Laws of 1917, after providing for the service of a notice of appeal, further provides: "To render the appeal effective for any purpose the party appealing shall, within the time provided by law for taking such appeal, file said notice together with the bond on appeal with the clerk of the lower court, and at the time of filing such notice and bond, such appellant shall deposit with the clerk the sum of $15, of which ten dollars shall be transmitted to the Clerk of the Supreme Court as provided in section 7996, General Statutes 1913, as and for the filing fee required in the Supreme Court by chapter 177, Laws 1915, and the remainder retained by the clerk of the court below as and for the fee provided in section 5756, General Statutes 1913, subdivision

50. Whenever a party, in good faith, gives notice of appeal from a judgment or order, and omits, through mistake, to do any other act necessary to perfect the appeal, or to stay proceedings, the court may permit an amendment on such terms as may be just." Section 3 of the same chapter provides: "Upon an appeal being perfected, the clerk of the court appealed from shall immediately transmit to the clerk of the supreme court the ten dollar fee prescribed by section 7995, General Statutes 1913, together with a certified copy of the notice and bond upon appeal, and the filing thereof shall vest in the supreme court jurisdiction of the cause." Section 1 of the same chapter, after providing for the payment of the sum of ten dollars to the clerk of the supreme court in cases of appeal and of other sums in certain other cases, further provides: "The clerk shall not file any paper, issue any writ or certificate, or perform any service enumerated herein, until the payment therefor shall have been made, and when made he shall pay such sum into the state treasury."

"To render the appeal effective for any purpose," the statute requires the appellant to file the notice of appeal and the bond with the clerk of the lower court within the time limited for taking an appeal, and to deposit the appeal fee with the clerk at the time of filing the notice and bond. If this provision left any doubt that the deposit of the appeal fee was necessary to perfect the appeal, the doubt is removed by the other provisions quoted. The legislature would not require the clerk of the lower court to transmit ten dollars of the appeal fee to the clerk of the supreme court immediately upon the appeal being perfected, if the appeal could be perfected without the deposit of such fee. The legislature would not have prohibited the clerk of the supreme court from filing any paper in the case until he had received his share of the deposit, and then have made the filing of a certified copy of the notice and bond the act which vests jurisdiction in the supreme court, if it had intended the appeal to be of any effect before the deposit was made. The several provisions of the statute taken together put beyond question the intent of the legislature to make the deposit of the appeal fee a condition precedent to the perfecting of the appeal. And, to be of effect for any purpose, the appeal must be perfected within the statutory time. Filing the notice and bond without depositing the appeal fee was of no effect, and this fee not having been deposited within the statutory time the appeal was never perfected.

Appellant makes no claim of mistake and offers no excuse for failing to make the deposit at the proper time, and hence does not bring himself within the provision which permits the court to relieve an appellant who in good faith gives notice of appeal, but through mistake omits some other necessary act.

Appeal dismissed.

On December 13, 1918, the following opinion was filed:

PER CURIAM.

After the decision had been filed, appellant made an application to be relieved of his default, and to have the order of dismissal vacated and the appeal reinstated. Where a party who has given notice of appeal, but by mistake has omitted to perfect his appeal within the statutory time, seeks permission from the court, under the authority conferred upon it by the last clause of section 7995, G. S. 1913, as amended, to cure the omission, he must make his application with reasonable promptness after discovering the omission. Respondent made the point in his brief that appellant had failed to pay the appeal fee within the statutory time and insisted that the appeal be dismissed for that reason. This brief was served on appellant in June and he then had notice of the defect. The case was argued and submitted in this court in October. Respondent urged the same point at the argument, and, although appellant conceded the facts to be as stated by respondent, yet he offered no excuse for failing to perfect the appeal within the prescribed time and made no claim of mistake, but submitted his case upon the record as it then stood. The court considered the point well taken and dismissed the appeal.

To justify reinstating the case upon a showing of facts known to the appellant long before the case was originally submitted, but now presented to the court for the first time, the record taken as a whole must show that the dismissal will result, or at least is likely to result, in the doing of an injustice. At the time the case was submitted, appellant presented the record and his brief and argued the case on the merits. We have carefully examined the record and find that it contains nothing which shows that appellant has been deprived of any substantial right or which would warrant a reversal. And as we are satisfied that further proceedings would simply entail useless expense the application is denied.