## JAMES COSTELLO v. WILLIAM DALLMAN.[1]

July 10, 1931.

No. 28,594.

*Frank W. Booth,* for defendant-appellant.
*F. C. & H. A. Irwin,* for plaintiff-respondent.

[1]Reported in 237 N. W. 690.

50

PER CURIAM.

The action is for forcible entry and detainer originating in the municipal court in Jordan, Scott county, Minnesota, wherein the plaintiff prevailed. Defendant appealed to the district court. Plaintiff moved the district court to dismiss the appeal upon the ground that no proper, sufficient notice of appeal was served upon the plaintiff or his attorneys and no proper or sufficient notice of appeal with return of service thereon was filed in the office of the clerk of the district court, Scott county, Minnesota, within ten days after the date of the judgment sought to be appealed from. This motion was granted, and defendant has now appealed therefrom.

Plaintiff now moves to dismiss the appeal to this court.

The claim is that appellant in attempting to perfect the appeal to this court did not file with the clerk of the district court proof of service of the notice of appeal upon the clerk and the adverse party.

G. S. 1923 (2 Mason, 1927) § 9492, requires that the service of the notice of appeal shall be made upon the clerk as well as the adverse party, and the statute requires that the notice shall be filed with the clerk. The return from the lower court fails to disclose the filing of any proof of service of the notice upon the clerk. It has however been held by this court that a notice of appeal having been served upon the adverse party and such notice having been filed with the clerk of the court with proof of such service, there is a sufficient compliance with the statutory requirement of service upon the clerk. State v. Klitzke, 46 Minn. 343, 49 N. W. 54. But in this case appellant did not file with the clerk any proof of service upon the adverse party.

The object of the statute requiring the service upon the clerk is to supply the files with the notice with which the adverse party is served. Such notice is futile if not served. The record in the office of the clerk of the lower court should be in such compliance with the statute as to command the clerk to make the return to this court. The files in the clerk's office and the return to this court should show that an appeal has been taken, and in order to do this

the appellant must file with the clerk not only the notice but proof of the service thereof upon the adverse party. Such is an essential element of the appeal. It would be an unsatisfactory practice for the clerk otherwise to make a return to this court.

The appeal herein is dismissed.