MINNIE ULLMAN AND ANOTHER v. PETER LUTZ AND OTHERS.

WILLIAM MILLER AND OTHERS, APPELLANTS.[1]

October 10, 1952.

No. 35,935.

*Fugina & Fugina* and *George, Brehmer & McMahon,* for appellants William and Esther Miller, Consumers Tire & Supply Co., Diana Miller, and Eva and John Popp.

[1]Reported in 55 N. W. (2d) 57.

*Crosby & Esch,* for appellant Charles Miller.
*Foley & Foley* and *Daniel F. Foley,* for respondents.

MATSON, JUSTICE.

Upon respondents' motion to dismiss an appeal for want of jurisdiction, we have the sole question of whether this court has acquired appellate jurisdiction where a notice of appeal has been served upon the respondents within the time allowed by statute *but has not been served or filed with the clerk of the district court until after the time allowed to perfect an appeal has expired.*

The issue arises out of a case for the partition of real estate wherein the district court entered an interlocutory judgment decreeing that the real estate be partitioned by sale on September 19, 1952. This judgment was filed by one of the respondents on April 28, 1952, and three days later, on May 1, 1952, notice of entry of judgment was served upon appellants. On May 12, 1952, appellants served upon the respondents a notice of appeal to this court, but no notice of appeal was then served upon or filed with the clerk of the district court. It may also be noted that no supersedeas bond was served upon the clerk or the respondents at this time. In fact, it was not until August 26, 1952, that appellants' attorney filed the notice of appeal and bond with the clerk of the district court.

The delay in filing the notice of appeal was wholly inadvertent and arose from appellants' erroneous assumption that appeals from interlocutory judgments in partition proceedings are governed by Minnesota's general appeals statute (§ 605.08), which allows a six-month appeal period instead of the 30 days prescribed by § 558.215. Appellants' counsel, who is a practitioner from another jurisdiction, did not learn of his error until after he had served and filed the notice of appeal—and bond—on August 26, 1952.

Does this court, after the expiration of the time for the serving and filing of a notice of appeal with the clerk of the district court, have any power to excuse the failure to give timely notice and to hear the case on its merits? Section 558.215, which limits the time for interlocutory judgment appeals in partition proceedings to a 30-day period, specifically provides that—

"*  *  * Any appeal taken pursuant to the provisions hereof shall be governed by the rules and laws applicable to appeals in civil cases."

Appeals in civil cases generally are governed by § 605.03, which provides:

"An appeal shall be made *by the service of a notice,* in writing, on the adverse party, *and on the clerk* with whom the judgment or order appealed from is entered, *  *  *. To render the appeal effective for any purpose the party appealing shall, within the time provided by law for taking such appeal, file the notice together with the bond on appeal with the clerk of the lower court, *  *  *. *When a party, in good faith, gives notice of appeal* from a judgment or order, and omits, through mistake, to do *any other act* necessary to perfect the appeal, or to stay proceedings, the court may permit an amendment on such terms as may be just." (Italics supplied.)

Appellants contend that pursuant to the last sentence of § 605.03, as above quoted, this court may hear the appeal on its merits after permitting appellants to cure defects in their appeal by appropriate amendment. They are in error in failing to observe the distinction between jurisdictional and nonjurisdictional defects. The giving of statutory notice of appeal to both the adverse party and the clerk of the district court is a jurisdictional prerequisite under the terms of the first sentence of § 605.03. This is confirmed by the express wording of the last sentence of that section whereby the court, *when a party has given the requisite notice of appeal,* but has failed, through mistake, to do any other act necessary to perfecting the appeal, may permit a curative amendment on just terms. The power to permit curative amendments exists, therefore, only when and where the notice of appeal has first been served and filed. Clearly under § 605.03 it follows that the power to authorize amendments to cure defects in the appeal does not apply to the notice itself and, in fact, does not come into existence for any purpose unless and until jurisdiction has first been acquired by a prior service of a timely notice of appeal upon the adverse party and the filing of the

same with the clerk of the lower court. See, Thorson v. St. Paul F. & M. Ins. Co. 32 Minn. 434, 21 N. W. 471; Elliott v. Retail Hardware Mut. F. Ins. Co. 181 Minn. 573, 233 N. W. 316; Costello v. Dallman, 184 Minn. 49, 237 N. W. 690; Geddes v. Broman, 208 Minn. 609, 294 N. W. 845. Although we have held that the partition proceedings appeal statute should be liberally construed to avoid a forfeiture of the right of appeal (Gelin v. Hollister, 222 Minn. 339, 345, 24 N. W. [2d] 496, 500, 168 A. L. R. 195), we have not at any time, by liberal construction or otherwise, presumed to dispense with the fundamental jurisdictional prerequisite of timely notice to the clerk of the court below. In Costello v. Dallman, 184 Minn. 49, 50, 237 N. W. 690, we said:

"The object of the statute requiring the service upon the clerk is to supply the files with the notice with which the adverse party is served. Such notice is futile if not served. *The record in the office of the clerk of the lower court should be in such compliance with the statute as to command the clerk to make the return to this court.* The files in the clerk's office and the return to this court should show that an appeal has been taken, and in order to do this the appellant must file with the clerk not only the notice but proof of the service thereof upon the adverse party. *Such is an essential element of the appeal.* It would be an unsatisfactory practice for the clerk otherwise to make a return to this court." (Italics supplied.)

It is elementary that an appellate court cannot assume or acquire jurisdiction by extending the time for appeal. See, Weckerling v. McNiven Land Co. 231 Minn. 167, 172, 42 N. W. (2d) 701, 704.

It is unnecessary to distinguish certain decisions wherein curative amendments have been allowed under § 605.03 with respect to nonjurisdictional defects in the process of appeal, such as defects relating to bonds and appeal fees.[2] Dismissal of the appeal for want

[2]We have not overlooked certain inadvertent and misleading language in Northern Oil & Gas Co. v. Birkeland, 164 Minn. 466, 203 N. W. 228, 205 N. W. 449, 206 N. W. 380. The misleading language in question was unnecessary to the decision and is dicta.

of jurisdiction obviates the necessity for considering other issues. The appeal herein is dismissed.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.