MARGARET E. DEMPSEY v. JOSEPH F. MEIGHEN
AND ANOTHER.

102 N. W. (2d) 825.

April 8, 1960—No. 38,015.

*Stearns & Kampmeyer* and *Ronald Patrick Smith,* for appellants. *William J. Nierengarten,* for respondent.

KNUTSON, JUSTICE.

Respondent moves to dismiss this appeal on the ground that it was not perfected within the statutory time.

The appeal is from a judgment entered on June 29, 1959. On December 29, 1959, the last day for appealing from the judgment, appellants served a notice of appeal on respondent's attorney. They then served the notice of appeal on the clerk of the district court at his home at 6:45 p. m. and paid him the $15 filing fee. The notice was not filed by the clerk until the following morning. An appeal bond was not filed until January 15, 1960.

M. S. A. 605.03 provides:

"An appeal shall be made by the service of a notice, in writing, on the adverse party, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same, or some specific part thereof. To render the appeal effective for any purpose the party appealing shall, within the time provided by law for taking such appeal, file the notice together with the bond on appeal with the clerk of the lower court, and at the time of filing the notice and bond the appellant shall deposit with the clerk the sum of $15, * * *. When a party, in good faith, gives notice of appeal from a judgment or order, and omits, through mistake, to do any other act necessary to perfect the appeal, or to stay proceedings, the court may permit an amendment on such terms as may be just."

It is not clear from our decisions which of these required steps are jurisdictional. In Wheeler v. Crane, 141 Minn. 78, 169 N. W. 476, 597, the appeal fee was not paid until one day after the expiration of the time for appealing. We dismissed the appeal for failure to comply with the statute, but in so doing we said (141 Minn. 80, 169 N. W. 477):

"* * * Filing the notice and bond without depositing the appeal fee was of no effect, and this fee not having been deposited within the statutory time the appeal was never perfected.

"Appellant makes no claim of mistake and offers no excuse for failing to make the deposit at the proper time, and hence does not

bring himself within the provision which permits the court to relieve an appellant who in good faith gives notice of appeal, but through mistake omits some other necessary act."

It would seem from the last statement quoted above that we were of the opinion that failure to pay the appeal fee was not jurisdictional but that relief could have been had upon a proper application and showing of mistake.

In Baxter v. The Orinoco Co. Ltd. 158 Minn. 530, 197 N. W. 219, a motion was made to dismiss an appeal because the statutory fee was not deposited in the clerk's office within the statutory time. We dismissed the appeal, saying:

"* * * Under the statute the appeal fee must be deposited within the statutory time for taking the appeal. This not having been done, the appeal did not become effective."

It does not appear that any application was made there for relief from failure to deposit the fee on time.

In Northern Oil & Gas Co. v. Birkeland, 164 Minn. 466, 203 N. W. 228, 205 N. W. 449, 206 N. W. 380, a motion to dismiss the appeal was based on the ground that the appeal bond was not filed or the appeal fee deposited within the statutory time. While we held that proof of mistake was insufficient, we denied the motion to dismiss. After considering former cases, we said (164 Minn. 469, 203 N. W. 228):

"* * * The result of these cases is this: If the notice of appeal is served in the way and within the time provided by the statute, relief may be given from a failure through mistake to *file the notice* or appeal bond or pay the appeal fee within the time fixed." (Italics supplied.)

In Costello v. Dallman, 184 Minn. 49, 237 N. W. 690, a motion to dismiss was based on failure to file proof of service on the clerk. We held that failure to do so was fatal. Apparently there again no application was made for relief.

Finally, in Ullman v. Lutz, 238 Minn. 21, 55 N. W. (2d) 57, a motion to dismiss was based upon the ground that the notice of appeal

was not served or filed with the clerk of the district court until after the time allowed to perfect an appeal had expired. In dismissing the appeal, we said (238 Minn. 23, 55 N. W. [2d] 58):

"* * * Clearly under § 605.03 it follows that the power to authorize amendments to cure defects in the appeal does not apply to the notice itself and, in fact, does not come into existence for any purpose unless and until jurisdiction has first been acquired by a prior service of a timely notice of appeal upon the adverse party *and the filing of the same with the clerk of the lower court.*" (Italics supplied.)

It is apparent from the statute that filing the notice and bond with the clerk of the district court and payment of the filing fee are all within the same category. These requirements are all contained within the second sentence of the statute. Either all ought to be jurisdictional or none should be. Upon a reconsideration of our decisions and the language used in the statute, we think that the proper construction of this statutory provision is that service of the notice of appeal upon the adverse party and upon the clerk of the district court within the time allowed for appeal is jurisdictional. The appeal does not become effective unless thereafter the notice of appeal and appeal bond are filed with the clerk and the appeal fee is deposited with him within the statutory time unless the appellant is relieved of his default in doing so by this court.[1] The bond and notice in this case were filed after the time for appeal had expired without appellants' first having been granted the right to do so. Appellants have now asked to be relieved of their default in failing to file the bond and notice within such time. Inasmuch as no prejudice has been shown, we conclude that appellants should be relieved of their default.

The motion to dismiss is denied.

---

[1] In In re Estate of Gelin, 228 Minn. 568, 569, 37 N. W. (2d) 538, 539, we said:

"* * * Cases construing this section have assumed that 'the court' to grant relief was the supreme court."

See, for instance, In re Estate of Hore, 220 Minn. 365, 369, 19 N. W. (2d) 778, 780, 160 A. L. R. 1064, 1067, and Watier v. Buth, 87 Minn. 205, 91 N. W. 756, 92 N. W. 331.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.