In re Kenneth HEINSCH, Appellant,

v.

LOT 27, BLOCK 1 FOR'S BEACH, SECTION 21, TOWNSHIP 69, RANGE 21 (UNORGANIZED TOWNSHIP), ST. LOUIS COUNTY, Minnesota, Respondent.

No. C7-86-1112.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Steven A. Nelson, Nelson and Larsen, Ltd., Internat'l Falls, for appellant.

Alan L. Mitchell, St. Louis Co. Atty., Michael R. Dean, Duluth, for respondent.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a trial court order refusing to docket appellant's challenge of a county board of adjustment decision because of failure to remit a filing fee within the appeal period. Appellant claims the trial court erred because (1) Minn.Stat. § 394.27, subd. 9 does not require filing be completed within 30 days and (2) failure to remit a filing fee is a nonjurisdictional defect. We affirm.

## FACTS

In April 1983, appellant Kenneth Heinsch began construction of a building on his lakeshore property after being issued building and land use permits. In October 1983, the St. Louis County zoning administrator informed appellant the building site was at a substandard setback and that a variance was required. After a hearing, the county board of adjustment orally denied appellant's variance request. Written findings, conclusions and decision were mailed to appellant on June 24, 1985. The accompanying letter instructed appellant appeal to the district court could be made within 30 days.

Appellant wrote the district court on July 21, 1985, listing nine points of argument and concluding:

Based on these facts and the new information presented in ITEMS # 3, 4, and 5, I ask for a new hearing on my variance request.

Appellant's letter was returned by the St. Louis County court administrator on August 9, 1985. That letter stated:

We have no file open in District Court, Civil Division at this time and as you did not give us anymore information or instructions on whom to direct this to or what action we should take we have to return the papers to you.

Appellant had not enclosed the filing fee with his July 21 letter. On September 27, 1985, the St. Louis County zoning administrator wrote appellant, instructing him his right to appeal the variance denial had ex-

pired on July 30, 1985 and requesting removal of appellant's building to a proper setback.

Appellant finally retained counsel and moved the district court to place his matter on the court's calendar. By order filed June 3, 1986, the trial court denied appellant's motion based on appellant's failure to timely remit the filing fee and the improper form of his appeal. Appeal here is made from the June 3 order.

## ISSUE

Did the trial court err in dismissing appellant's challenge of the county board of adjustment decision?

## ANALYSIS

1. Appellant claims the trial court should have docketed his case because he timely notified the court of his intent to appeal.

All decisions by the board of adjustment in granting variances or in hearing appeals from any administrative order, requirement, decision or determination shall be final except that any aggrieved person or persons, or any department, board or commission of the jurisdiction or of the state shall have the right to appeal within 30 days, after receipt of notice of the decision, to the district court in the county in which the land is located on questions of law and fact.

Minn.Stat. § 394.27, subd. 9 (1986). He asserts the statute does not require a case be *filed* within 30 days. Appellant insists that lack of an express procedural requirement of filing naturally infers that only some notice of appeal is necessary to preserve a challenge, and that appellant's July 21 letter provided that notice.

No civil action, appeal, or proceeding shall be entered with the clerk of the district court until the person desiring the entry deposits with the clerk the sum of $5 on account of fees in the case and out of which the clerk shall satisfy the fees as they accrue.

Minn.Stat. § 357.07 (1984).

All fees of said clerks, except in criminal proceedings, shall be paid in advance

at or prior to the time of the performance of any service requiring payment of such fees, and said clerk shall not proceed in any matter requiring the payment of fees until the full amount of the same is paid.

*Id.* § 357.021, subd. 3.

■ To preserve his action, appellant had to exercise his right of appeal within 30 days; not merely notify the district court of his intent to appeal. Appellant failed to exercise his right by not remitting the required filing fee.

■ 2. Appellant counters that even if proper filing is required within 30 days, failure to timely remit a filing fee is not a jurisdictional defect. But Minnesota case law holds to the contrary. *See County of Ramsey v. Minnesota Public Utilities Commission,* 345 N.W.2d 740, 744–45 (Minn.1984) (supreme court affirmed the dismissal of a pro se litigant's appeal when the litigant sought to challenge in the district court an administrative agency decision, but failed to timely remit the required filing fee); *see also Dempsey v. Meighen,* 257 Minn. 576, 579, 102 N.W.2d 825, 827 (1960) (interpreting Minn.Stat. § 605.03, which was superseded by Minn.R.Civ. App.P. 103, subd. 1, and holding appellate court filing fee is jurisdictional).

■ Appellant asserts his tardiness should be excused because he was appearing pro se and the district court did not timely notify him of his error. Pro se litigants are generally held to the same standards as attorneys. *See State v. Pilla,* 380 N.W.2d 207, 209 n. 1 (Minn.Ct.App. 1986); *Liptak v. State ex rel. City of New Hope,* 340 N.W.2d 366, 367 (Minn.Ct.App. 1983). Unfamiliarity with procedural rules is not good cause to excuse untimely action. *Swicker v. Ryan,* 346 N.W.2d 367, 369 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. June 12, 1984).

While we recognize with sympathy the position of pro se litigants, we think to place fault on the court administrator is to burden that office with unreasonable responsibility. We do, however, strongly encourage clerk of court offices to quickly respond to deficiencies in appellate filings especially when pro se litigants are involved. Here, if the court administrator would have alerted appellant promptly regarding his errors, it is likely appellant's current dilemma could have been avoided.

## DECISION

The trial court properly refused to docket appellant's case.

Affirmed.