Esther L. ANDERSON, Respondent,

v.

HONEYWELL, INC., Relator,

Commissioner of Jobs and Training, Respondent.

No. C9-87-2370.

Court of Appeals of Minnesota.

March 29, 1988.

Randall J. Fuller, Anoka, for Esther L. Anderson.

Robert J. Mabel, Honeywell, Inc., Minneapolis, for Honeywell, Inc.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and SCHULTZ,* JJ.

## OPINION

HAROLD W. SCHULTZ, Acting Judge.

Relator seeks review of the Commissioner's decision reversing the referee's finding that respondent Anderson was discharged for misconduct. We affirm the Commissioner's decision.

## FACTS

Respondent Anderson worked full-time for relator Honeywell from November 17, 1977 to July 9, 1987. Anderson was given time off from January 20 to January 23, 1987, and from February 4 to March 23, 1987 because she sustained a work-related injury. She collected workers' compensation temporary total disability benefits during her absence.

Anderson also worked part-time for Twin City Security (TCS). She worked at TCS on February 7, 8, March 7, 8, 14, 21, and 22, 1987 while collecting workers' compensation benefits.

Relator discharged Anderson on July 9, 1987 claiming she violated Article 13, Section 1 of the collective bargaining agreement by working at TCS during her time off. This section states in relevant part:

Leaves of absence in writing of up to sixty (60) days may be granted to employees by the Company for legitimate reasons provided the requirements of the operations permit. The request for the leave shall be in writing with a full statement of the reasons on which the request is based. Where a leave is granted which requires travel outside of the North American Continent, additional time may be granted not to exceed reasonable travel time. Employees accepting employment elsewhere during leaves granted under this Section shall be terminated. Exceptions to this Section may be made by mutual agreement of the Company and the Union.

Anderson applied for unemployment compensation, and her request was denied. Initially, the adjudicator of the Minnesota Department of Jobs and Training determined Anderson was discharged for misconduct which disqualified her from receiving unemployment compensation. Anderson appealed.

On appeal, the Department referee affirmed, determining Anderson knew or should have known of the provision in the collective bargaining agreement prohibiting working a second job while on a "leave of absence." The referee held her actions constituted misconduct.

Anderson appealed to respondent Commissioner of Jobs and Training. The Commissioner's representative reversed the referee's findings of fact and decision, reasoning that relator failed to show by a fair preponderance of the evidence that the

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

time off constituted a "leave of absence" under Article 13, section 1 of the collective bargaining agreement. The Commissioner's representative determined Anderson was discharged for reasons other than misconduct. This court granted certiorari to review the Commissioner's decision.

## ISSUES

1. Did relator fulfill the requirements for filing an appeal pursuant to Minn.Stat. § 268.10 and Minn.R.Civ.App.P. 115?

2. Is the decision of the Commissioner supported by substantial evidence in light of the record reviewed by the referee?

## ANALYSIS

1. Minn.R.Civ.App.P. 115.03, subd. 2 states, "[t]he petitioner shall file the bond or other security required by statute or by the Court of Appeals." *Id.* The requirements are contained in Minn.R.Civ.App.P. 107, subd. 1, which provides:

Unless the appellant is exempt by law, a bond shall be executed by, or on behalf of, the appellant. * * * In lieu of the bond, appellant may deposit $500 with the clerk of the trial court as security for the payment.

Prior to filing the notice of appeal, the appellant may move the trial court for an order waiving the bond or setting a lesser amount or deposit.

\* \* \* \* \* \*

The bond or deposit may be waived by written consent of the respondent * * *.
*Id.*

Anderson argues the writ of certiorari should not have been issued because the required cost bond was not filed or properly waived. Although a waiver of the bond was filed by relator, Anderson was not a party to the waiver and, accordingly, objects to its validity.

Relator responds by citing Minn.Stat. § 268.10, subd. 8 (1986) which states in part:

Any party in interest, except a claimant for benefits, upon service of the writ shall furnish a cost bond to be approved by the commissioner and pay to the de-

partment of jobs and training the fee prescribed by rule 103.01 of the rules of civil appellate procedure which shall be disposed of in the manner provided by that rule.

Relator argues the waiver of the bond signed by the assistant attorney general on behalf of the Commissioner is sufficient to waive the bond requirements. It further asserts the statute does not require Anderson's knowledge of or consent to the waiver.

■ The statute referenced by relator is silent with respect to whether and how the bond requirement may be waived. Both parties failed to follow the proper procedures with respect to waiving the requirements or objecting to the waiver. The parties' respective errors, however, are without consequence; since no prejudice to Anderson resulted, the defects in the filing and objecting to the waiver are not fatal to jurisdiction.

This court and the Minnesota Supreme Court have considered whether filing a cost bond on appeal is jurisdictional. In *Northern Oil and Gas Co. v. Birkeland,* 164 Minn. 466, 203 N.W. 228 (1925), the Minnesota Supreme Court stated:

If the notice of appeal is served in the way and within the time provided by the statute, relief may be given from a failure through mistake to file the notice or appeal bond or pay the appeal fee within the time fixed.

*Id.* at 469, 203 N.W. at 228. In *Ladwig & Ladwig, Inc. v. Orlin Ladwig,* 372 N.W.2d 408 (Minn.Ct.App.1985), we followed this approach, stating "if no prejudice is shown, the court may relieve the appellant of default." *Id.* at 411 (citing *Dempsey v. Meighen,* 257 Minn. 576, 579, 102 N.W.2d 825, 827 (1960)).

No prejudice to Anderson resulted because she will not incur significant taxable costs for which the cost bond may be distributed. *See* Minn.R.Civ.App.P. 139. In addition, relator, a major corporation, may be assumed to possess the financial capacity to pay the monetary award in the event Anderson succeeds on appeal. According-

ly, although this court could have required relator to either post bond or obtain an appropriate waiver under rule 107, such procedure is unnecessary to adequately protect Anderson's interests.

2. The standard of review in unemployment cases is limited. Findings must be reviewed in light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed. *Smith v. American Indian Chemical Dependency Diversion Project,* 343 N.W.2d 43, 44 (Minn.Ct.App.1984) (citing *White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983)). Additionally, the Commissioner's findings must not be arbitrary or capricious, or affected by an error of law, and the Commissioner must not act beyond his jurisdiction. *See Lumpkin v. North Central Airlines, Inc.,* 296 Minn. 456, 460, 209 N.W.2d 397, 400 (1973). Relator argues the Commissioner's decision does not have reasonable support in the findings of fact or in the record.

According to Minn.Stat. § 268.09, subd. 1(2) (1986), Anderson is disqualified from receiving unemployment compensation only if she has been discharged for misconduct. It is the employer's burden to prove by a fair preponderance of the evidence that the claimant committed misconduct. *See Lumpkin,* 296 Minn. at 459–60, 209 N.W.2d at 400.

The Minnesota Supreme Court has defined misconduct as:

conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-

faith errors in judgment or discretion are not to be deemed "misconduct."

*Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973) (quoting *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 259, 296 N.W. 636, 640 (1941)).

Relator asserts Anderson committed misconduct when she worked a second job while on a "leave of absence" as defined by Article 13, section 1 of the collective bargaining agreement. Such behavior is grounds for termination under Article 13. Relator cited no other behavior or any other rules in support of its allegation.

■ Upon a review of the record, we find relator failed to meet its burden of proof. The only issue in determining misconduct is whether Anderson's time off constituted a "leave of absence" as discussed in Article 13, section 1 of the collective bargaining agreement. This section provides a request must be in writing for a leave of absence. The approval must also be in writing.

Relator mischaracterized Anderson's time off as an Article 13 leave of absence. No written request or approval for the time off was completed in writing as directed in Article 13, Section 1.

Minn.Stat. § 268.10, subd. 5 (1986) provides the Commissioner may affirm, modify, or set aside any of the findings of fact of the referee, the referee's decision, or both, but the Commissioner's decision must be based only on the evidence presented to the referee.

The Commissioner stated in his decision: It is the judgment of the Commissioner that the employer has failed to show, by a fair preponderance of the evidence, that the time off which the claimant was given, because of a workers' compensation injury, falls under Section 1, Article 13 of the collective bargaining agreement. We conclude this for a number of reasons. First, a review of Article 13 of the collective bargaining agreement (the portion which the employer submitted into evidence) does not lead this Representative to the conclusion that being off work due to a workers' compensation

injury would fall under this portion of the contract. Second of all, Section 1, which the employer asserts the claimant violated, does not appear to deal with medical leaves, which are dealt with more specifically in "Section 2." Third, Section 1 specifically provides that leaves of absence under that section must be requested in "writing," and the employer submitted no evidence that the claimant ever did such. Fourth, the section seems to imply that the "granting" of the leave must also be in writing, and the employer presented no evidence of this. The employer has not presented evidence which would lead us to the conclusion that being off due to a workers' compensation injury would fall under Section 1 of Article 13 of the collective bargaining agreement. When the employer asserts the claimant violated a specific provision in the collective bargaining agreement, the burden is on the employer to show that provision is applicable to the situation involved. This the employer has not done.

The Commissioner also noted the claimant may well have violated some other rule or provision of the contract; however, relator has introduced into evidence only Article 13, section 1, and the Commissioner is bound to base his decision solely on the evidence considered by the referee.

Contrary to relator's assertions, the Commissioner's findings of fact support his decision in favor of Anderson. The decision is not, therefore, arbitrary and capricious. There is no assertion the decision is based on an error of law, or the Commissioner has exceeded his jurisdiction. The Commissioner's reasons set forth above provide substantial support for the decision to reverse the referee.

## DECISION

The defects in fulfilling the bond requirement are not fatal to this court's jurisdiction. Respondent Anderson did not commit misconduct by working a second job while on sick leave for her workers' compensation injury. The Commissioner's decision to reverse the referee is supported by substantial evidence on the record.

Affirmed.