Glen SORRELS, Appellant,

v.

Donald HOFFMAN, Respondent.

No. C7–97–2305.

Court of Appeals of Minnesota.

May 26, 1998.

Review Denied June 17, 1998.

---

Kevin O'Conner Green, Green Law Offices, Mankato, for appellant.

John R. Rodenberg, Eric A. Bartsch, Berens, Rodenberg & O'Connor, New Ulm, for respondent.

Considered at Special Term and decided by TOUSSAINT, C.J., and RANDALL and SHUMAKER, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

## FACTS

Glen Sorrels appeals a summary judgment entered on September 24, 1997, dismissing his claims against respondent Donald Hoffman in a personal injury action. The appeal was filed with the clerk of the appellate courts on December 18, 1997. Appellant filed an affidavit indicating that the appeal papers were served on respondent's counsel on December 17, 1997, but appellant did not provide an affidavit showing service of the notice of appeal on the trial court administrator.

On December 29, 1997, appellant filed an affidavit indicating that the notice of appeal was served on the trial court administrator on December 26, 1997. This court questioned whether service of the notice of appeal on the trial court administrator was timely, and if not, whether this court lacked jurisdiction to consider the appeal. Both parties submitted memoranda.

## DECISION

Before the enactment of the civil appeal code in 1963, the statute governing appellate procedure required both service of the notice of appeal on the adverse party and the clerk of the district court, and the filing of the notice of appeal with the clerk of the district court. The statute provided in part:

An appeal shall be made by the service of a notice, in writing, on the adverse party, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same or some specific part thereof. To render the appeal effective for any purpose, the party appealing shall, within the time provided by law for taking such appeal, file the notice together with the bond on appeal with the clerk of the lower court, and at the time of the filing the notice and bond the appellant shall deposit with the clerk the sum of $15 * * *. When a party, in good faith, gives notice of appeal from a judgment or order, and omits, through mistake, to do any other act necessary to

perfect the appeal, or to stay proceedings, the court may permit an amendment on such terms as may be just.

Minn.Stat. § 605.03 (1941) (amended 1963) (repealed 1974).

The supreme court clarified the distinction between serving and filing the notice of appeal on the trial court administrator in *Dempsey v. Meighen*, 257 Minn. 576, 102 N.W.2d 825 (1960). In *Dempsey*, appellant served the notice of appeal on the clerk of the district court at the clerk's home on the last day of the appeal period. *Id.* at 576, 102 N.W.2d at 825. The notice of appeal was not filed by the clerk of the district court until the following morning. *Id.* The supreme court held that *service* of the notice of appeal on the adverse party and the clerk of the district court within the time allowed for appeal is jurisdictional. *Id.* at 579, 102 N.W.2d at 827. But the court held that the *filing* of the notice of appeal with the clerk of the district court and the posting of the appeal bond were not jurisdictional requirements, and relieved appellants of their default because no prejudice was shown. *Id.*

The 1993 amendment to section 605.03 deleted the requirement for service of the notice of appeal on the trial court administrator. 1963 Minn. Laws ch. 806, § 3. The amended statute provided:

> An appeal shall be made by the service of a written notice of appeal on the adverse party. The notice shall specify the judgment or order from which the appeal is taken. Not more than five days after expiration of the time to appeal, the appellant shall file the notice of appeal and the cost bond required by this chapter with the clerk of the court in which the judgment or order was entered, together with a deposit of $15. The bond may be waived by stipulation of the parties.

Minn.Stat. § 605.03, subd. 1 (1965) (repealed 1974).

The rules of civil appellate procedure went into effect on February 1, 1968. Minn. R. Civ.App. P. 147.01 (1968). The appellate rules superseded the civil appeal code, including Minn.Stat. § 605.03. *See* Minn. R. Civ.App. P. 147.02 (1968) (containing table of superseded statutes). But like section

605.03, the rule provided that an appeal shall be made by service of written notice of appeal on the adverse party and specified that the notice of appeal shall be filed with the clerk of the district court not more than five days after expiration of the time to appeal. *See* Minn. R. Civ.App. P. 103.01(1) (1968).

The rules of civil appellate procedure were amended in 1983. *See* Minn. R. Civ.App. P. 147 (these rules are effective on August 1, 1983). Minn. R. Civ.App. P. 103.01 currently provides in part:

> An appeal shall be made by filing a notice of appeal with the clerk of the appellate courts. The notice shall contain:
>
> (a) Proof of service on the adverse party or parties;
>
> (b) *Proof of service on the trial court administrator in which the judgment or order appealed from is entered or filed;*
>
> (c) A statement specifying and describing the judgment or order from which the appeal is taken;
>
> (d) The names, addresses, and telephone numbers of opposing counsel and the parties they represent.
>
> The appellant shall file the following with the clerk of the appellate courts:
>
> (1) The notice of appeal,
>
> (2) A certified copy of the judgment or order from which the appeal is taken,
>
> (3) Two copies of the statement of the case required by rule 133.03, and
>
> (4) The filing fee of $250,
>
> *and shall file the following with the trial court administrator:*
>
> (5) *A copy of the notice of appeal,*
>
> (6) The cost bond required by rule 107, or written waiver of it, and
>
> (7) The supersedeas bond, if any, required by rule 108. /

Minn. R. Civ.App. P. 103.01, subd. 1 (emphasis added).

The 1983 amendment to rule 103.01 restored the requirement for service of the notice of appeal on the trial court administrator that had been eliminated by the 1963 civil appeal code and the 1968 appellate rules. As

the 1983 comment to rule 103.01 indicates, the notice of appeal

> served on both the adverse party and the clerk of the trial court and filed with the clerk of the appellate courts is required in order to vest jurisdiction in the court of appeals.

The supreme court is currently considering proposed amendments to the rules recommended by the Minnesota Supreme Court Advisory Committee on Rules of Civil Appellate Procedure. We note that the committee recommends that rule 103.01, subdivision 1, be amended to provide that timely filing the notice of appeal with the clerk of the appellate courts and timely service on the adverse party are the jurisdictional steps required to initiate an appeal. The proposed amendment deletes the requirement for the filing of proof of service of the notice of appeal on the trial court administrator, and instead requires appellant to file proof of filing of the notice of appeal with the trial court administrator.

The current rule, however, clearly requires service of the notice of appeal on the trial court administrator. This court may relieve a party of other errors in the handling of an appeal, provided the party first *"files and serves* a notice of appeal." Minn. R. Civ.App. P. 103.01, subd. 2 (emphasis added).

An appeal may be taken from a judgment within 90 days after its entry. Minn. R. Civ.App. P. 104.01. In this case, the appeal period expired on December 23, 1997, which was 90 days after judgment was entered on September 24, 1997. Although the notice of appeal was timely filed with the clerk of the appellate courts and served on respondent, it is undisputed that the notice of appeal was not served on the trial court administrator until December 26, 1997, after the appeal period expired.

Because appellant's failure to timely serve the notice of appeal on the trial court administrator deprived this court of jurisdiction, we must dismiss. *See* Minn. R. Civ.App. P. 126.02 (time to file notice of appeal may not be extended); *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn. App.1994) (court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994).

**Appeal dismissed.**