IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 22, 2000

## CHARLES I. HIGH v. P.D.Q. DISPOSAL, INC., ET AL

**Appeal from the Chancery Court for Davidson County**
**No. 98-2657-I     Irvin H. Kilcrease, Jr., Chancellor**

—————————————

**No. M1999-02310-COA-R3-CV - Filed April 5, 2001**

—————————————

Plaintiff/Appellant, Charles I. High, appeals dismissal of his pro se complaint filed in the Chancery Court of Davidson County, Tennessee, seeking judicial review of the denial of his application for unemployment benefits. The trial court dismissed the complaint for failure to join indispensable parties. We affirm the Chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Charles I. High, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Douglas Earl Dimond, Assistant Attorney General, for the appellee, Tennessee Department of Employment Security.

Charles J. Mataya and Jonathan E. Motley, Nashville, Tennessee, for the appellee, P. D. Q. Disposal, Inc.

### OPINION

The record in this case is difficult to decipher because of the inclusion with it of innumerable documents, having little bearing on the issues before the Court, but indicating grievances filed with the E.E.O.C. and other State and Federal agencies.

On August 31, 1998, Appellant filed in the Chancery Court for Davidson County, Tennessee, pro se, a nine page hand written document complaining of the action of the Department of Employment Security in denying his application for unemployment benefits. In addition to the Department of Employment Security he also joined his last employer, P.D.Q. Disposal, Inc., as a party defendant.

In response to this complaint on September 15, 1998, P.D.Q. Disposal, Inc., through its manager, Patty Queen Boyd, filed a three page letter setting forth a history of its previous employment of Mr. High and the denial by the Department of Employment Security of an unemployment benefit application made by Mr. High after he left the employ of P.D.Q. Disposal, Inc.

On October 1, 1999, Charles J. Mataya and Jonathan E. Motley filed a Notice of Appearance as counsel of record for the defendant, P.D.Q., Inc.

On October 8, 1999, Catherine Burrus Castleman, counsel for the Commissioner of Employment Security, filed a Motion to Dismiss the complaint asserting:

> This case concerns a Complaint which appears to be a seeking judicial review of an administrative decision of the Tennessee Department of Labor and Workforce Development. That decision, a copy of which is attached as "Exhibit A," denied the Plaintiff's claim for unemployment benefits. The Commissioner of the Tennessee Department of Labor and Workforce Development, by and through counsel, now MOVES the Court, pursuant to TRCP 7.02 and 12.02, to Dismiss the Complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted and/or failure to join indispensable parties-respondents.

Contemporaneously with this motion to dismiss, counsel for the Commissioner filed the affidavit of Cody Short, asserting under oath:

> I, Cody Short, am the Custodian of Records for the Unemployment Insurance Division of the Department of Labor and Workforce Development (TDLWD). As such, I am responsible for the maintenance of certain information regarding claims for unemployment insurance benefits. TDLWD has an electronic system in which it compiles and maintains data regarding claims filed and history of base period employers.
>
> Attached to this Affidavit is a document entitled BENEFIT HISTORY BASE PERIOD EMPLOYERS for Social Security [Redacted]. This document (which is marked as Attachment #1) shows that Charles I. High, ss [Redacted], filed a claim for unemployment insurance benefits on April 23, 1998; that Mr. High's base period consists of the first, second, third, and fourth quarters of 1997; that during his base period he was paid wages by P D Q Disposal, Inc., CPS, Inc., Opryland USA, Inc., and Waste Away, LLC; and that if he were eligible for benefits, P D Q Disposal would be charged for 14.227 percent of his benefits; CPS would be charged for 4.929 percent; Opryland USA would be charged 76.713 percent; and Waste Away would be charged 4.131 percent of his benefits.

As Custodian of Records, I am familiar with the records maintained by TDLWD on its electronic system, and I declare that the foregoing documents are official records of TDLWD.

On October 13, 1999, P.D.Q. Disposal, Inc. filed a document adopting the motion to dismiss filed by the Commissioner.

On November 1, 1999, the Chancellor entered an order of dismissal of the case stating:

> This cause is before the Court upon the Motion to Dismiss filed pursuant to TRCP 12.02 and Local Rule 26.04 by the Defendant Commissioner of the Tennessee Department of Labor and Workforce Development. The Plaintiff having neither timely filed nor served a response to the Motion to Dismiss as required by the Local Rules, the Court finds that the Motion should be granted.
>
> It is therefore, ORDERED, ADJUDGED, and DECREED that the Motion to Dismiss is granted and this case is accordingly dismissed with prejudice with costs taxed to the Plaintiff, for which execution may issue if necessary.

Appellant filed a timely notice of appeal.

Given the state of the record in this case, the trial court had no alternative but to dismiss the complaint. The Court is not unmindful of the obstacles facing a pro se litigant in attempting to prosecute a civil case without any personal expertise or any professional assistance. *See Irvin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. Ct. App. 1988).

As held in *Irvin*:

> Parties who choose to represent themselves are entitled to fair and equal treatment. *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). However, they are not excused from complying with applicable substantive and procedural law, *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983), and they must follow the same procedural and substantive law as the represented party. *See, e.g., Dethlefs v. Beau Maison Dev. Corp.*, 511 So.2d 112, 118 (Miss. 1987); *Heinsch v. Lot 27*, 399 N.W.2d 107, 109 (Minn. Ct. App. 1987).

*Irvin*, 767 S.W.2d at 652.

Appeals from a denial of unemployment benefits are governed by Tennessee Code Annotated section 50-7-304(i), which provides in pertinent part:

Any other party to the proceeding before the Board shall be made a defendant to such petition and duly served with process. For the purposes of this subsection, the parties to the proceeding before the Board of Review shall be deemed to include the original claimant or applicant for benefits, and each and every employer from whom such claimant received, during such claimant's base period, any wages for insured work, whether or not any such party appeared and participated in the proceedings before the Board; and all such parties shall be deemed necessary parties to any petition for judicial review filed pursuant to this subsection.

The undisputed affidavit of the Custodian of Records for the Unemployment Insurance Division of the Department of Labor and Work Force Development asserts that Mr. High's base period was the first, second, third and fourth quarters of 1997. During this base period he received wages from P.D.Q. Disposal, Inc., C.P.S., Inc., Opryland USA, Inc., and Waste Away, LCC. All of these latter three named employers during the base period are necessary parties to the proceedings in chancery under Tennessee Code Annotated section 50-7-304(i), and without them the Court lacks subject matter jurisdiction. *Buckner v. Hayes*, 1992 WL 181708 (Tenn. Ct. App. 1992).

The judgment of the trial court is in all respects affirmed and costs on appeal are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE

-4-