Howard **PFALZGRAFF**, Relator,

v.

**COMMISSIONER OF ECONOMIC SECURITY, Respondent.**

No. C3–84–17.

Court of Appeals of Minnesota.

June 26, 1984.

Louis Zupancic, St. Paul, for relator.

Hubert H. Humphrey, III, Atty. Gen., Paul N. Heckt, Spec. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Relator seeks review of a Department of Economic Security determination that he is ineligible for FSC benefits. He also contends that he was prejudiced by the appeal tribunal chairman's reversal, upon his own motion and without notice to relator, of his initial determination of eligibility. We affirm.

## FACTS

The facts of the case are undisputed. In May 1982, relator Howard Pfalzgraff applied for unemployment compensation benefits. The Department of Economic Security determined that relator had $6,919.50 of wage credits and 20 credit weeks during his base period. He received $173 in weekly benefits ($172.98 rounded to the nearest whole dollar).

After exhausting his regular benefits, relator applied for FSC benefits, effective January 30, 1983. A claims deputy determined that relator was not eligible for FSC benefits because he earned less than 40 times his weekly benefit amount.

Relator appealed. In a June 2, 1983 decision, the appeal tribunal chairman reversed the claims deputy and found relator eligible for FSC benefits. On June 28, 1983, on his own motion and without notice to relator, the chairman issued an amended decision finding relator ineligible.

Relator appealed. A commissioner's representative vacated the amended decision and remanded for another evidentiary hearing. Upon remand, a referee determined that relator was ineligible for FSC benefits. Upon appeal, another commissioner's representative affirmed the determination.

## ISSUES

1. Did the Department of Economic Security err in computing relator's wage credits and/or weekly benefits for purposes of determining his eligibility for Federal Supplemental Compensation benefits?

2. Was relator prejudiced by the Appeal Tribunal Chairman's reversal, upon his own motion and without notice to relator, of his initial determination on relator's eligibility for FSC benefits?

## ANALYSIS

1. The Department of Economic Security found that relator was ineligible for FSC benefits because he failed to earn wage credits during his base period of not less than 40 times his weekly benefit amount, as required by Minn.Stat. § 268.071, Subd. 3 (Supp.1983) (effective retroactively to July 4, 1982). ($6,919.50 wage credit is less than 40 × $173 weekly benefit amount)

Relator contends that the department erred in its calculations by rounding his weekly benefits, but not his wage credits to the nearest dollar. If both or neither figure is rounded he would be eligible.

Relator's eligibility for FSC benefits is governed by Minn.Stat. § 268.071, Subd. 3 (Supp.1983), which provides:

Eligibility requirements for extended benefits. An individual shall be eligible to receive extended benefits with respect to any week of unemployment in his eligibility period only if the commissioner finds that with respect to such week: * *

(3) He has, during his base period earned wage credits available for benefit purposes of not less than 40 times his weekly benefit amount *as determined pursuant to section 268.07, subdivision 2.*

(emphasis added).

Since Minn.Stat. § 268.07, Subd. 2 (1982), defines weekly benefit amount as a percentage of average earnings during the base period *"computed to the nearest whole dollar,"* a rounded benefit figure must be used to determine eligibility for extended benefits.

By contrast, wage credits may not be rounded since Minn.Stat. § 268.04, Subd. 26 (1982), defines wage credits as *"wages paid and wages due and payable"* and does not provide for rounding.

Therefore, we reluctantly find the commissioner's representative correctly denied relator FSC benefits. We recognize that the rounding provision of Minn.Stat. § 268.-07, Subd. 2, works a hardship on relator. However, we note that the amended version of the provision, effective June 30, 1983, does not similarly handicap future FSC applicants. Weekly benefit amounts are now rounded down to the nearest dollar. Use of the rounded benefit figure reduces the wage credit threshold applicants must meet to qualify for FSC benefits.

2. Relator also challenges the authority of the appeal tribunal chairman to reverse, upon his own motion and without notice to relator, his initial determination of eligibility. Minn.Stat. § 268.10, Subd. 5 (1982), grants the commissioner authority upon his own motion to order a review of a referee's ·decision, so long as the order is made within the 30 day appeal period which binds the parties. There is no comparable statutory authorization for a referee to reconsider his decision upon his own initiative.

However, Minnesota recognizes that administrative agencies have inherent or implied power to correct erroneous decisions. *Anchor Casualty Co. v. Bongards Co-operative Creamery Ass'n*, 253 Minn. 101, 91 N.W.2d 122 (1958), held that the

Commissioner of Agriculture had implied authority to promptly reverse an erroneous decision, so long as the rights of the parties were not prejudiced. The court found:

> This power lasts until jurisdiction is lost by appeal or certiorari or until a reasonable time has run, which would be at least coextensive with the time required by statute for review.

*Id.* at 106, 91 N.W.2d at 126.

In this case, the chairman's reversal came within the 30 day appeal period. And relator suffered no prejudice from lack of advance notice of the reversal because the commissioner vacated the amended decision and ordered a rehearing. Relator received notice of the rehearing, and presented additional evidence and argued his interpretation of the eligibility statute at the hearing.

## DECISION

We affirm the commissioner's determination that relator is ineligible for FSC benefits. Relator was not prejudiced by the procedural irregularities of the case.