**Donna Mae GONSIOR, Relator,**

v.

**ALTERNATIVE STAFFING, INC., Department of Economic Security, Respondents.**

No. C4–85–1199.

Supreme Court of Minnesota.

March 21, 1986.

Kevin Snell, Minneapolis, for Alternative Staffing.

Peter C. Andrews, St. Paul, for Dept. of Economic Sec.

AMDAHL, Chief Justice.

Petitioner Donna Mae Gonsior seeks further review of an order of the Court of Appeals discharging a writ of certiorari issued to review orders of the Commissioner of Economic Security in an unemployment compensation matter. The writ was discharged on the ground that, although a timely writ had issued, only an unsigned writ was served on the commissioner within 30 days after mailing notice of the decision of the department.

Minn.R.Civ.App.P. 115.01 provides in part as follows:

> Review by the Court of Appeals of decisions of the Commissioner of Economic Security * * * may be had by securing issuance of a writ of certiorari within 30 days after the date of mailing notice of the decision * * *.

Rule 115.03, subd. 4, provides in part as follows:

> The petitioner shall serve copies of the petition and writ upon the court or body to whom it is directed and upon any party within 30 days after the date of mailing notice of the decision to the petitioner * * *.

The statute applicable to unemployment compensation matters provides in part as follows:

> Any decision of the commissioner may be reviewed on certiorari by the court of appeals provided a petition for the writ is filed and served upon the adverse party or parties within 30 days after the date of mailing notice of any decision to him at his last known address.

Minn.Stat. § 268.10, subd. 8 (1984).

In this case, the record reveals that the decision of the Commissioner of Economic Security sought to be reviewed was filed and mailed on May 28, 1985. The petition for the writ of certiorari was served on the commissioner on June 26 and the writ was issued on June 26, both within 30 days of the mailed notice of the decision sought to be reviewed. The actual signed writ issued by the Clerk of the Appellate Courts was mailed to the appropriate parties upon receipt by petitioner's counsel but beyond the 30-day period.

While the better practice would be, of course, to serve the issued writ within the 30-day period, we conclude that the procedure here employed by counsel was within the applicable statute and rules and jurisdiction properly vested in the Court of Appeals. We caution the practicing bar that this interpretation is limited to the unique statutory scheme of unemployment compensation law and that different procedures and statutory requirements exist for other areas of the law in which the issuance of a writ of certiorari is the method for obtaining judicial review.

The petition for review is therefore granted and the order of the Court of Ap-

peals discharging the writ of certiorari is reversed. The matter is remanded to the Court of Appeals for further proceedings on the merits.

Petition granted; reversed and remanded.