**George D. KING, Relator,**

v.

**UNIVERSITY OF MINNESOTA,
Department of Jobs and
Training, Respondents.**

No. CX–86–97.

Court of Appeals of Minnesota.

June 3, 1986.

Review Denied Aug. 13, 1986.

Steve G. Heikens, Minneapolis, for George D. King.

Bonita F. Sindelir, William P. Donohue, Minneapolis, for University of Minnesota.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Department of Jobs and Training.

Considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ., without oral argument.

## MEMORANDUM OPINION

FOLEY, Judge.

Relator George King seeks review of a determination by the Department of Jobs and Training that he was discharged from his teaching position for misconduct and was not entitled to receive unemployment compensation. Respondent University of Minnesota has challenged the jurisdiction of this court on procedural grounds, claiming that King's petition for the writ of certiorari was untimely. We agree with respondent that the writ must be discharged.

Minn.Stat. § 268.10, subd. 8 (1984) provides:

> Any decision of the commissioner may be reviewed on certiorari by the court of appeals provided a petition for the writ is filed and served upon the adverse party or parties within 30 days after the date of mailing notice of any decision to him at his last known address.

Notice of the decision by the Commissioner's representative was mailed to King on October 4, 1985. However, because King was represented by counsel throughout the proceedings before the Department of Jobs and Training, the Department remailed no-

tice of the decision to King's counsel on December 16, 1985. The writ of certiorari was served on January 15, 1986. The University argues that the 30 days should run from the date King was mailed notice (rendering the petition untimely), rather than from the date his counsel received the notice.[1]

■ Although the question is close, we believe that the term "party" should be strictly construed[2] and that the time for appeal began to run when King himself received notice of the Department decision. In numerous instances, the courts in this jurisdiction have held that statutes designating the time for appeal from decisions of all levels of the Department should be strictly construed, regardless of mitigating circumstances. *See, e.g., Kenzie v. Dalco Corp.*, 309 Minn. 495, 497, 245 N.W.2d 207, 208 (1976), and cases cited therein; *Ullman v. Lutz*, 238 Minn. 21, 55 N.W.2d 57 (1952). In *Baldinger Baking Co. v. Stepan*, 354 N.W.2d 569 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Dec. 20, 1984), a claims deputy's decision in favor of a discharged employee was allegedly mishandled by the relator-employer's bookkeeper and did not reach management personnel within the time for appeal. The relator subsequently filed an "employer protest" with the Department of Economic Security which dismissed the protest for lack of jurisdiction. The Commissioner affirmed and the relator appealed. This court upheld the Commissioner, despite the underlying circumstances, since the appeal was untimely.

We note that the Rules of Civil Appellate Procedure provide for service upon counsel when parties are represented by counsel. Minn.R.Civ.App.P. 125.02. The rules of procedure have been applied in certain cir-

cumstances where the timeliness of a writ has been questioned. *See, e.g., Kenzie*, 309 Minn. at 497, 245 N.W.2d at 208 (3-day extension of Minn.R.Civ.P. 6.05 applied to the 30-day statutory period).

Nonetheless, the reasoning of *State v. Scientific Computers, Inc.*, 384 N.W.2d 560 (Minn.Ct.App.1986), *pet. for rev. filed* (Minn. May 7, 1986), is more persuasive. There, the court discharged a writ of certiorari because the petition was served upon the attorney general (the respondent agency's counsel), rather than the respondent agency itself, in violation of two statutes which indicated that the petition must be served on the agency. The court reiterated the rule that "[s]tatutes prescribing the procedures for filing and serving appeals are strictly construed," and refused to apply Minn.R.Civ.App.P. 125.02, which provides that service upon a party represented by counsel should be made upon the attorney. The court noted that "[t]he Administrative Procedure Act, rather than the Rules of Civil Appellate Procedure, governs the initiation of review of an administrative decision."

While the Administrative Procedures Act is not determinative in appeals from decisions of the Department of Jobs and Training, these cases also fall within a "unique statutory scheme." *Gonsior v. Alternative Staffing, Inc.*, 383 N.W.2d 654 (Minn. 1986).[3] Cases of this nature are governed by special procedural statutes with special appeal provisions. These special provisions cannot be extended by rule, *see id.*, or by the parties' consent.

Having determined that we do not have jurisdiction over this matter, we do not address the issues raised by relator.

Writ discharged.

---

1. The University raised this issue for the first time in its brief; no notice of review was filed. *See* Minn.R.Civ.App.P. 106. However, due to the jurisdictional nature of the issue, it will be considered. *See Tischendorf v. Tischendorf*, 321 N.W.2d 405, 409–10 (Minn.1982), *cert. denied*, 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983).

2. "The meaning of the word 'party,' when used in the legal sense, is clear: 'party' means only the named plaintiff or defendant." *Leer v. Chi-*

*cago, Milwaukee, St. Paul & Pacific Railway Co.*, 308 N.W.2d 305, 307 (Minn.1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 650 (1982).

3. In *Gonsior v. Alternative Staffing, Inc.*, 383 N.W.2d 654 (Minn.1986), the writ was timely served but was unsigned. The supreme court held that jurisdiction would nonetheless lie. Here, there was no timely filing of the petition for the writ.