**Lyn M. DUCLOUX, Petitioner, Appellant,**

v.

**EMPIRE EXECUTIVE COACHES, INC., Respondent,**

**Commissioner of Economic Security, Respondent.**

**No. C1–00–299.**

Supreme Court of Minnesota.

Nov. 30, 2000.

Peter B. Knapp, William Mitchell Law Clinic, St. Paul, for appellant.

Oak Meadows, Inc., St. Paul, respondent/Employer—pro se.

Kent E. Todd, Minn. Dept. of Economic Security, St. Paul, for Respondent-Commissioner.

OPINION

GILBERT, Justice.

Petitioner, Lyn M. Ducloux, sought review by the court of appeals of the Commissioner of Economic Security's (Commissioner) decision to deny her reemployment insurance benefits. The court of appeals dismissed the case for lack of jurisdiction because Ducloux failed to timely serve the Commissioner and other parties involved with the petition for the writ of certiorari as required by Minn.Stat. § 268.105, subd. 7(a) (Supp.1999). Ducloux now seeks review of the court of appeals' decision arguing that timely service of a conformed writ of certiorari should satisfy the statutory requirement.

The issues presented are identical to those decided today in *Harms v. Oak Meadows,* 619 N.W.2d 201 (Minn.2000). Based on our decision in *Harms,* we affirm the court of appeals' decision to discharge the writ of certiorari and dismiss Ducloux's appeal.

Affirmed.

PAGE, Justice (concurring specially).

I concur in the result with reluctance. I write separately to note that, in addition to elevating form over substance, *see Harms v. Oak Meadows,* 619 N.W.2d 201, 203 (Minn.2000) (Anderson, Paul H., J., concurring specially), it is counterintuitive that service of the petition for a writ of certiorari triggers review while service of a copy of the writ itself does not.