**Donna M. HARMS, Petitioner,**
**Appellant,**

v.

**OAK MEADOWS, Respondent,**

**Commissioner of Economic**
**Security, Respondent.**

**No. CX–00–298.**

Supreme Court of Minnesota.

Nov. 30, 2000.

Peter B. Knapp, William Mitchell Law Clinic, St. Paul, for appellant.

Empire Executive Coaches, Inc. St. Paul, respondent/employer—Pro Se.

Kent E. Todd, Minn. Dept. of Econ. Sec., St. Paul, for Respondent–Commissioner.

## OPINION

GILBERT, Justice.

Petitioner, Donna M. Harms, sought review by the court of appeals of the Commissioner of Economic Security's (Commissioner) decision to deny her reemployment insurance benefits. The court of appeals dismissed the case for lack of jurisdiction because Harms failed to timely serve the Commissioner and other relevant parties with the petition for a writ of certiorari as required by Minn.Stat. § 268.105, subd. 7(a) (Supp. 1999). Harms now seeks review of the court of appeals' decision arguing that timely service of a conformed writ of certiorari should satisfy the statutory requirement.

The issue presented is whether the court of appeals had jurisdiction over petitioner's appeal. Jurisdiction is a question of law that we review *de novo*. *See Kellar v. Von Holtum*, 605 N.W.2d 696, 700 (Minn.2000). This case also involves statutory interpretation. Statutory interpretation is a question of law that we review *de novo*. *See Koehnen v. Dufuor*, 590 N.W.2d 107, 108–09 (Minn.1999).

Harms worked as a cook for Oak Meadows for approximately one month before she quit. Harms could not physically perform all of the duties required by her job, and stress and depression were causing her to be ill. After a series of appeals, the Commissioner's representative denied Harms' reemployment insurance benefits. Notice of the decision was mailed on January 28, 2000. Harms filed a petition for writ of certiorari with the Minnesota Court of Appeals on February 23, 2000, and a writ of certiorari was issued that same day. Harms mailed copies of the conformed writ and a statement of the case to the Commissioner's office on February 24, 2000. On March 9, 2000, the Commissioner filed a motion to discharge the writ on the grounds that Harms did not timely serve the Commissioner with the petition for writ of certiorari as required by Minn. Stat. § 268.105, subd. 7(a). Harms filed the petition and it was served on the Commissioner the following day. However, the service fell outside the statutory period of 30 days. The court of appeals granted the Commissioner's motion to discharge the writ and Harms now appeals that decision.

Minnesota Statutes § 268.105 sets forth the appeals process for reemploy-

ment insurance benefits cases. Subdivision 7(a) provides court of appeals' jurisdiction for review of the Commissioner's decisions. It states,

> The Minnesota court of appeals shall, by writ of certiorari to the commissioner, review the decision of the commissioner[,] provided a petition for the writ is filed with the court and a copy is served upon the commissioner and any other involved party within 30 calendar days of the mailing of the commissioner's decision.

Minn.Stat. § 268.105, subd. 7(a).

The word "shall" in the statute indicates that review by the court of appeals is not discretionary. *See* Minn.Stat. § 645.44, subd. 16 (1998) (" 'Shall' is mandatory."). However, review by the court of appeals is limited by a proviso requiring the petition for the writ to be filed with the court and a copy to be served on the Commissioner and other parties within 30 days of the mailing of the Commissioner's decision. *See* Minn.Stat. § 268.105, subd. 7(a).

■ Harms argues that timely serving the Commissioner with the actual writ issued satisfies the same purpose that serving the Commissioner with the petition for the writ would serve. In particular, Harms argues that the Commissioner and other parties were provided adequate notice of the appeal.

In support of her argument, Harms has cited several cases involving various statutes and court rules concerning appeal procedures in reemployment insurance cases.[1] All of the cases cited are distinguishable from the case at hand, and none of them involve a violation of the particular statute at issue here.

We conclude that Minn.Stat. § 268.105, subd. 7(a) is clear and unambiguous as applied to the facts of this case. The court of appeals' jurisdiction to review the case is limited by the specific language in a proviso contained in Minn.Stat. § 268.105, subd. 7(a), which provides that a copy of the petition for writ of certiorari be served upon the Commissioner and any other involved party. The rules of statutory interpretation require that "[p]rovisos shall be construed to limit rather than to extend the operation of the clauses to which they refer." Minn.Stat. § 645.19 (1998). The clear and unambiguous language of the proviso in Minn.Stat. § 268.105, subd. 7(a) mandates that review is only allowed if the petition for the writ is timely served upon the proper parties. Where a statute is not ambiguous in its application, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (1998). Thus, because the statute is unambiguous, it is not necessary for us to speculate as to what the legislature's intent was.

In that Harms did not serve the Commissioner with the petition for writ of certiorari within 30 days of the mailing of the Commissioner's decision, we hold that the court of appeals' dismissal of Harms' petition was proper.

Affirmed.

PAUL H. ANDERSON, Justice (concurring specially).

I concur in the reasoning and the result reached by the majority. Under the rules we must apply to the interpretation of statutes, Minn.Stat. § 268.105, subd. 7(a), is clear and free from ambiguity. The statute limits review to those situations where the petition for writ of certiorari is timely served upon the proper parties. Nevertheless, application of the statute in the context of the facts before us has aspects of elevating form over substance

---

1. *Gonsior v. Alternative Staffing, Inc.,* 383 N.W.2d 654 (Minn.1986); *Henry v. Minnesota Pub. Utils. Comm'n,* 365 N.W.2d 770 (Minn. 1985); *In re Ultraflex Enters.,* 494 N.W.2d 89 (Minn.App.1992). In *Gonsior* and *Henry,* the issue was a violation of the Minnesota Rules of Civil Appellate Procedure. *In re Ultraflex* was a court of appeals case that also involved a rule violation but the party had complied with the governing statute that was controlling.

and denies Harms any meaningful review. This is an unfortunate result, but one mandated by the statute. I have no doubt that the commissioner was fully aware in a timely manner of Harms' intent to pursue an appeal. I urge the legislature to revisit Minn.Stat. § 268.105, subd. 7(a), to ascertain whether service of a copy of the writ of certiorari satisfies the intent of the statute.

PAGE, Justice (concurring specially).

I join in the special concurrence of Justice Paul H. Anderson.