*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2022**

Bradley G. Bremer,
Relator,

vs.

Thomas Allen, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed July 21, 2014
Affirmed
Halbrooks, Judge**

Department of Employment and Economic Development
File No. 29520230-9

Bradley G. Bremer, Savage, Minnesota (pro se relator)

Thomas Allen, Inc., West St. Paul, Minnesota (respondent)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Hudson, Presiding Judge; Halbrooks, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

Relator challenges the unemployment-law judge's (ULJ) dismissal of his appeal of a determination that he is ineligible to receive unemployment benefits. Because we conclude that the ULJ correctly determined that relator's appeal was not filed within the required statutory time frame, we affirm.

**FACTS**

Relator Bradley Bremer ended his employment with Thomas Allen, Inc., on March 21, 2012. Relator applied for unemployment benefits with the Minnesota Department of Employment and Economic Development (DEED). On April 5, 2012, DEED sent notice to relator that he is ineligible for unemployment benefits because he was discharged for employment misconduct. Relator challenged DEED's determination. Following a hearing, the ULJ determined that relator had committed employment misconduct and is ineligible to receive unemployment benefits. Relator was notified that if he wished to appeal the ULJ's decision, he must file a request for reconsideration by June 11, 2012.

On June 8, 2012, relator attempted to file his request for reconsideration by fax and on DEED's website, but he was unable to do so because of a power outage that DEED was experiencing at its offices that day. On June 11, 2012, relator called DEED and was told that the department had not received his request for reconsideration. The department's representative told relator that if he had evidence that he had sent the fax on June 8 "that he 'would be fine,' that the sheet showing [that] he faxed the document on

2

[June] 8 would be 'good enough' and that all he needed to show was that he had tried to fax a request for reconsideration on [June] 8." The department's representative also told relator that he had the option to mail, file online, or fax his request for reconsideration. On June 13, 2012, relator submitted his request for reconsideration online and faxed the error report indicating that he had attempted to fax his appeal to DEED on June 8.

On August 20, 2012, relator's request for reconsideration was dismissed as untimely. Relator appealed this determination to the court of appeals. On appeal, DEED conceded that the ULJ was unaware of relator's attempt to submit his request for reconsideration during the power outage. *Bremer v. Thomas Allen*, No. A12-1699 (Minn. App. May 30, 2013) (order op.). DEED asked this court to reverse and remand the matter, which we did. *Id.*

On remand, an evidentiary hearing was held to determine whether relator submitted a timely request for reconsideration. The ULJ issued an amended determination of ineligibility, once again finding that relator's request was untimely. Because of relator's untimely request for reconsideration, the ULJ's determination that relator is ineligible to receive unemployment benefits became final. This certiorari appeal follows.

**D E C I S I O N**

A ULJ's decision to dismiss an appeal as untimely is a question of law, which we review de novo. *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012). We review a ULJ's decision to determine whether a relator's substantial rights have been prejudiced by unlawful procedure, error of law, findings not

3

supported by substantial evidence, or a decision that is arbitrary and capricious. Minn. Stat. § 268.105, subd. 7(d)(3)-(6) (2012).

A ULJ's decision is final unless an applicant, employer, or the commissioner files a request for reconsideration within 20 calendar days. Minn. Stat. § 268.105, subds. 1(c), 2(a) (2012). If the statutory time period elapses and a party fails to file a request for reconsideration, a ULJ lacks jurisdiction over the appeal, and it must be dismissed. *Rowe v. Dep't of Emp't & Econ. Dev.*, 704 N.W.2d 191, 195 (Minn. App. 2005).

Here, the facts are not in dispute. DEED experienced a power outage on the day that relator attempted to submit his request for reconsideration. DEED did not receive relator's request by the June 11 deadline, and a DEED representative misinformed relator that his request would be considered timely so long as he submitted the fax-error report showing that he attempted to fax his request on June 8.

We are mindful of the mitigating circumstances here and agree that they are most unfortunate. But under Minnesota law "[t]here is no equitable or common law denial or allowance of unemployment benefits." Minn. Stat. § 268.069, subd. 3 (2012). We have repeatedly held that unemployment benefits decision appeal deadlines are absolute, unforgiving, and that mitigating circumstances do not create an exception to the statutory deadline. *See, e.g.*, *Kennedy v. Am. Paper Recycling Corp.*, 714 N.W.2d 738, 738-40 (Minn. App. 2006) (concluding that because "there are no statutory provisions for extensions or exceptions to the appeal period," an appeal filed one day late was untimely and properly dismissed); *Rowe*, 704 N.W.2d at 196 (stating that the statutory appeal period "is strictly construed against the relator"); *Smith v. Masterson Personnel, Inc.*, 483

4

N.W.2d 111, 112 (Minn. App. 1992) ("[T]here are no extensions or exceptions . . . to the appeal period."); *King v. Univ. of Minn.*, 387 N.W.2d 675, 677 (Minn. App. 1986) ("[S]tatutes designating the time for appeal from decisions of all levels of [DEED] should be strictly construed, regardless of mitigating circumstances."), *review denied* (Minn. Aug. 13, 1986).

The statute requires that a request for reconsideration must be filed within 20 days. Minn. Stat. § 268.105, subd. 2(a) (2012). Here, relator knew on June 11, the last day to timely file his appeal, that his request for reconsideration had not been received by DEED. Relator was told that he had the option to submit his request via mail or online, which he could have done that day. He did not. Instead, he waited until June 13, 2012, to re-attempt to submit his request. And although a DEED employee misinformed relator, it is the statute, not DEED employees, that determines the deadline for appeals. Comments made by a DEED employee during a telephone inquiry have no bearing on the deadline imposed by law.

Because the law provides for no exceptions to alter the statutory period, the ULJ did not have jurisdiction to decide whether the determination of ineligibility is correct. We conclude that the ULJ properly dismissed relator's appeal as untimely.

**Affirmed.**