*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0650**

Ge Yang,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed December 29, 2014
Affirmed
Rodenberg, Judge**

Department of Employment and Economic Development
File No. 32048138-2

Ge Yang, St. Paul, Minnesota (pro se relator)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Hooten, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Relator challenges two unemployment law judge (ULJ) decisions, one dismissing his appeal from an ineligibility determination as untimely, and the other concluding that his overpayment debt is properly subject to revenue recapture under the Minnesota Revenue Recapture Act. We affirm.

## FACTS

Relator Ge Yang lost his job on January 19, 2013 due to a "company slow down" and received two months of severance pay. In March 2013, he applied for unemployment benefits, while continuing to look for work. Respondent Minnesota Department of Employment and Economic Development (DEED) granted relator $393 per week in unemployment benefits.

Relator later applied for social security disability benefits. 42 U.S.C. § 423. When DEED learned of this application, it requested information from relator and his doctor. Both relator and his doctor indicated that relator was disabled and unable to work and had been since January 18, 2013. Based on this information, a DEED administrative clerk issued relator a determination of ineligibility on November 1, 2013 and notified relator that he had been overpaid $10,568 in unemployment benefits. The determination of ineligibility letter also informed relator that, if he disagreed with the ineligibility determination, he would need to appeal by November 21, 2013 or 20 days after the determination was sent to him. Relator failed to appeal within the 20-day timeframe.

On December 3, 2013, DEED sent relator a notice of revenue recapture, informing relator of the intention to recapture the overpayment of benefits resulting from the determination of his ineligibility for unemployment benefits. Relator wrote a letter dated December 19, 2013 to DEED, stating that he had "been calling" DEED "many times" and could not reach anyone. He implored DEED to call him. DEED construed his letter as an appeal of both the ineligibility determination of November 1, 2013 and the notice of revenue recapture of December 3, 2013.

2

A ULJ dismissed relator's appeal of the ineligibility determination as untimely. Relator sought reconsideration, and the ULJ affirmed the order of dismissal.

A second ULJ held a telephone hearing on the revenue recapture issue, in which relator participated with the assistance of an interpreter. During the hearing, relator explained that he did not understand why he had to repay the money and stated that "[he] never said [he] was going to pay" the overpayment debt. The ULJ advised relator that the issue at the hearing was whether "the Department followed the law in referring your claim to the Department of Revenue" for the purpose of revenue recapture. Relator testified that he did not have a signed agreement with DEED to repay the overpayment amount.

On January 22, 2014, this second ULJ found that relator "did not have a written agreement . . . that precluded the referral of the overpayment to the Department of Revenue," and that "[t]he procedures of the Revenue Recapture Act have been complied with." Therefore, the ULJ concluded, "[t]he debt of [relator] . . . is properly recoverable through the Revenue Recapture Act." Relator requested reconsideration. The ULJ affirmed the previous decision. This certiorari appeal followed.

## D E C I S I O N

DEED argues that relator's petition for certiorari did not challenge the first ULJ's decision concerning the timeliness of the appeal of the determination of ineligibility. It is true that relator attached to his petition only the decision by the second ULJ affirming the revenue recapture decision. In both his petition for a writ of certiori and his statement of the case, relator raised challenges to the November 1, 2013 ineligibility determination

3

and in his brief argues that we should consider the appeal despite its untimeliness. We will construe relator's petition broadly and address both whether his appeal of the ineligibility determination was timely and whether the overpayment, if any, is recoverable by way of revenue recapture. *See Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn. 1985) (holding that notices of appeal are to be liberally construed in favor of their sufficiency and not insufficient due to defects that could not have been misleading).

"A determination of eligibility or ineligibility is final unless an appeal is filed . . . within 20 calendar days after sending." Minn. Stat. § 268.101, subd. 2(f). "An untimely appeal must be dismissed for lack of jurisdiction." *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012). Therefore, if DEED's decision is not timely appealed, it becomes final 20 days after being sent to the applicant.

As to the timeliness issue, relator argues that he is not familiar with the law and that it is difficult for him to understand English. Consequently he must look for someone to help him when he receives mail, which made his response to DEED late. "[S]tatutes designating the time for appeal from decisions of all levels of the Department should be strictly construed, regardless of mitigating circumstances." *King v. Univ. of Minn.*, 387 N.W.2d 675, 677 (Minn. App. 1986). It is uncontested that DEED originally notified relator of the ineligibility determination on November 1, 2013. It is also uncontested that relator's first written communication with DEED was not until December 19, 2013. Because this communication was beyond the 20-day appeal period, relator's attempted appeal of the ineligibility determination was untimely, and the ULJ's decision affirming the dismissal of relator's appeal was correct. The merits of the ineligibility determination

4

are outside our scope of review, the ULJ had no jurisdiction to address the merits because the appeal was dismissed as untimely, and we cannot address them either.

"A determination or amended determination that holds an applicant ineligible for unemployment benefits for periods an applicant has been paid benefits is considered an overpayment of those unemployment benefits." Minn. Stat. § 268.101, subd. 6 (2012). An applicant who "has received any unemployment benefits that the applicant was held not entitled to, must promptly repay the unemployment benefits to the trust fund." Minn. Stat. § 268.18, subd. 1(a) (2012). Here, relator was determined to have been overpaid by $10,568 as a result of an ineligibility determination dated November 1, 2013. That decision became final on November 21, 2013, as discussed above. Relator therefore has an overpayment debt of $10,568.

The remaining issue is whether relator's overpayment debt is subject to revenue recapture. The Minnesota Revenue Recapture Act permits a state agency to satisfy a debt owed to the agency through the Minnesota Department of Revenue. Minn. Stat. §§ 270A.01–.12 (2012). The act defines "debt" as a "legal obligation of a natural person to pay a fixed and certain amount of money, which equals or exceeds $25 and which is due and payable to a claimant agency." Minn. Stat. § 270A.03, subd. 5(a). The act requires that the agency send a written notice to the debtor that "assert[s] the right of the claimant agency to the [debtor's] refund or any part thereof" and notifies the debtor of the right to request a hearing to contest the validity of the claim. Minn. Stat. § 270A.08, subds. 1(a), 2(b).

5

For purposes of revenue recapture, the overpaid unemployment benefits that DEED paid to relator are a "debt." Relator received a written notice of revenue recapture mailed by DEED on December 3, 2013. Relator timely requested a hearing under the Minnesota Revenue Recapture Act and was afforded a telephone hearing before a ULJ. The ULJ determined that DEED had properly sought recapture under the Minnesota Revenue Recapture Act. There was no written agreement obligating relator to repay DEED by other means. The record supports the ULJ's determination that the amount of overpaid unemployment benefits received by relator was subject to revenue recapture. The record admits of no conclusion other than that application of the Minnesota Revenue Recapture Act was appropriate in this case.

**Affirmed.**