*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1839**

Renee Rodgers,
Relator,

vs.

Children's Dental Services,
Respondent,

Department of Employment and
Economic Development,
Respondent.

**Filed May 2, 2016
Affirmed
Jesson, Judge**

Department of Employment and
Economic Development
File No. 33650027

Renee Rodgers, St. Louis Park, Minnesota (pro se relator)

Children's Dental Services, St. Louis, Missouri (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul,
Minnesota (for respondent department)

        Considered and decided by Jesson, Presiding Judge; Cleary, Chief Judge; and

Kirk, Judge.

UNPUBLISHED OPINION

**JESSON**, Judge

In this unemployment-compensation appeal, relator argues that the Minnesota Department of Employment and Economic Development erred by dismissing her request for reconsideration as untimely when it was filed after the statutory period for filing that request. Relator asserts that she was unable to participate in the telephone hearing regarding her benefits appeal or timely file the request for reconsideration because her cell phone had been disconnected for nonpayment and she had only limited access to the internet. Because the department lacked authority to consider relator's untimely request for reconsideration, we affirm.

## FACTS

Relator Renee Rodgers worked as a receptionist for Children's Dental Services from June 2012 until she was discharged on May 14, 2015. Her employer alleged that she had violated company policy by leaving early, starting late, excessive absenteeism, not staying on task, and excessive use of her cell phone. Rodgers established an unemployment-benefits account with the department of employment and economic development, and the department determined that she was ineligible for unemployment benefits because she was discharged due to employment misconduct. Rodgers appealed, and a hearing was scheduled before an unemployment-law judge.

On July 27, 2015, the unemployment-law judge issued a decision finding that Rodgers had failed to participate in the hearing, which had been held on July 24, 2015, and dismissed the appeal. The decision stated that it would become final unless a request

2

for reconsideration was filed with the unemployment-law judge on or before August 17, 2015. The decision was mailed to Rodgers on July 27, with instructions that she could request reconsideration online, by fax, or by mail.

On August 20, 2015, Rodgers filed a request for reconsideration, asserting that she filed for reconsideration late because she had internet access only on her cell phone; her cell phone had been turned off; she had to obtain a loan to reconnect it; and she had no income, so she had been unable to get to a library or workforce center to file for reconsideration. She stated that she had missed the hearing because she had only one telephone in her home, and her cell phone had been disconnected for nonpayment. The unemployment-law judge found that the request for reconsideration was not timely because it was not submitted within 20 calendar days of the mailing of the decision, which is required by statute. The unemployment-law judge therefore dismissed the administrative appeal. This certiorari appeal follows.

**D E C I S I O N**

This court may reverse or modify an unemployment-law judge's decision "if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusion, or decision" are "unsupported by substantial evidence in view of the entire record as submitted" or "affected by other error of law." Minn. Stat. § 268.105, subd. 7(d) (Supp. 2015). An agency's decision to dismiss an appeal as untimely presents a question of law, which this court reviews de novo. *Stassen v. Loan Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 29 (Minn. App. 2012).

3

By statute, "[an] unemployment law judge's decision is final unless a request for reconsideration is filed under subdivision 2." Minn. Stat. § 268.105, subd. 1a(a) (2014). Subdivision 2 of that statute provides that a party may request reconsideration of a decision by filing a request for reconsideration "within 20 calendar days of the sending of the unemployment law judge's decision." *Id*., subd. 2 (2014). Here, the unemployment-law judge's decision denying Rodgers benefits was sent on July 27, 2015; therefore, the decision became final on August 17, 2015. *See id.*, subd. 1a(a). She filed her request for reconsideration on August 20, 2015, three days after the decision became final.

The statutory time limit for appeal is "absolute and unambiguous." *Semanko v. Dep't of Emp't Servs.*, 309 Minn. 425, 430, 244 N.W.2d 663, 666 (1976). There are no exceptions to the time limit. *Cole v. Holiday Inns, Inc.*, 347 N.W.2d 72, 73 (Minn. App. 1984). When an unemployment-law judge's decision becomes final because the time for requesting reconsideration has passed, the department has no authority to reconsider its decision. *Rowe v. Dep't of Emp't & Econ. Dev.*, 704 N.W.2d 191, 196 (Minn. App. 2005). And consequently, this court lacks jurisdiction to review that decision on the merits. *Id*. "An untimely appeal from a determination must be dismissed for lack of jurisdiction." *Stassen*, 814 N.W.2d at 29. This rule applies even if the relator misses the deadline by only one day. *See, e.g., Semanko*, 309 Minn. at 427, 430, 244 N.W.2d at 664, 666 (upholding dismissal of an appeal as untimely when the appeal was filed on the eighth day of the seven-day period then in effect).

Rodgers alleges that she was unable to obtain online access to file a request for reconsideration. But after she did not participate in the telephone hearing, she was

4

notified that she could request reconsideration online, by fax, or by mail. She failed to use any of these methods to file a timely request for reconsideration. Further, this court has stated that statutes designating the time for appeal from an unemployment-law judge's decision "must be strictly construed." *Rowe*, 704 N.W.2d at 195.

**Affirmed.**